IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

March 5, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,           )
                              )
          Appellee,           )     No. 01C01-9612-CC-00526
                              )
                              )     Maury County
v.                            )
                              )     Honorable James L. Weatherford, Judge
                              )
AVERY Q. WALKER,              )     (State appeal - Motion to Suppress)
                              )
          Appellant.          )


**DISSENTING OPINION**


I respectfully dissent from the majority opinion's conclusion, upon the record before us, that Officer Gault was justified in arresting the defendant. Also, I believe that the case should be remanded to the trial court for the entry of appropriate findings of fact that would allow for sufficient appellate review.

As to the majority opinion's legal conclusion regarding Officer Gault's right to arrest the defendant, I do not agree with its implication that the police are justified in arresting a person if the person has no photograph identification to present. The statutory circumstance used by the majority opinion to justify foregoing use of a citation states, in toto, "The person arrested cannot or will not offer satisfactory evidence of identification, including the providing of a field-administered fingerprint or thumbprint which a peace officer may require to be affixed to any citation." I believe that this provision, by its full terms, reflects that the legislature did not contemplate that a photograph identification would be required.

The burden at the suppression hearing was upon the state to prove by a preponderance of the evidence that the arrest was justified. There was conflicting testimony regarding material points. Officer Gault had little personal recollection of his contact with the defendant, stating that he did not recall any particular statements made by the defendant. Also, he did not recall checking information with the dispatcher, although he indicated that if the defendant was who he said he was and the license number was confirmed, a citation would have been issued. On the other hand, the dispatcher's testimony reflected that Officer Gault did, in fact, check the license number and information that the defendant claimed to have given to the officer. The defendant testified that the information "checked out."

I believe that there was evidence presented from which the trial court could have found that Officer Gault's testimony was insufficient to prove by a preponderance of the evidence that the arrest was justified. Similarly, I believe that the trial court could have found, as well, that the circumstances as testified to by the defendant, as corroborated by the dispatcher, reflected sufficient provision of identification to justify the use of a citation. In other words, if the trial court concluded that Officer Gault's testimony, admittedly given with faulty memory, did not prove the state's case by the preponderance of the evidence, I believe that the evidence before us and the law would support the trial court's decision to grant the motion to suppress.

Unfortunately, the trial court did not enter findings of facts, only a conclusory order that stated that "the motion is well-taken and should be granted . . . ." Ordinarily, the burden is upon the complaining party, in this case the state, to insure that the reasons for a trial court's order are made part of the record for review. This would mean that the state would be unsuccessful in this appeal because the conflicting evidence justifies us concluding that the trial court discredited the material parts of Officer Gault's testimony. However, Rule 12(e), Tenn. R. Crim. P., states, "Where

factual issues are involved in determining a motion, the court <u>shall</u> state its essential findings on the record." (Emphasis added). Thus, an affirmative duty is placed upon the trial court to render findings of fact regardless of neither party making a request therefor. Under these circumstances, I believe that we should remand the case for the trial court to enter findings of fact that resolve material factual issues necessary to proper appellate review.

_____
Joseph M. Tipton, Judge